## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DOLGENCORP LLC; and DOLGENCORP LLC d/b/a DOLLAR GENERAL,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION; and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection,<br><br>*Defendants.* | Court No. 26-01176 |

## COMPLAINT

Plaintiffs, Dolgencorp LLC and Dolgencorp LLC d/b/a Dollar General, by and through their attorneys, Sandler, Travis & Rosenberg, P.A., allege as follows:

1. Plaintiffs, Dolgencorp LLC and Dolgencorp LLC d/b/a Dollar General, U.S.-based importers of record, challenge the assessment of certain tariffs on their imported merchandise.

2. President Donald John Trump invoked the International Emergency Economic Powers Act of 1977, 50 U.S.C. § 1701 *et seq.*, to impose tariffs on most imported merchandise (the "IEEPA tariffs").

3. The IEEPA tariffs are unlawful because IEEPA does not authorize the President to impose tariffs on imported merchandise.

4. This Court, the Federal Circuit, and the Supreme Court have held that the IEEPA tariffs are unlawful. *V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350 (Ct. Int'l Trade), *aff'd in part and rev'd in part*, 149 F.4th 1312 (Fed. Cir.), *aff'd sub nom. Learning Resources, Inc. v. Trump*, 607 U.S. ---, 2026 WL 477534 (U.S. Feb. 20, 2026).

1

5. Defendant United States received the IEEPA tariffs deposited by Plaintiffs and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i).

6. Defendant U.S. Customs and Border Protection ("Customs") is the agency that collected the IEEPA tariffs deposited by Plaintiffs and Defendant Rodney S. Scott is the Commissioner of Customs and is sued in his official capacity.

7. Defendants are referred to collectively as "Defendant" in this complaint.

8. This action is necessary because even though the IEEPA tariffs have been held unlawful by the Supreme Court, Plaintiffs are not guaranteed a refund for those unlawfully collected tariffs in the absence of their own judgment and judicial relief.

9. Through this action, Plaintiffs seek a refund of all the IEEPA tariffs that they have deposited with interest, as provided by law, and such further relief as the Court deems appropriate.

## JURISDICTION AND STANDING

10. The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i). *Learning Resources, Inc.*, 2026 WL 477534, at *6 n.1.

11. The Court has all the powers at law and in equity as a United States district court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and can order all appropriate relief, including declaratory judgments, reliquidation of entries, and injunctions. 28 U.S.C. § 2643(a)(1), (c)(1).

12. Plaintiffs have standing to seek the relief they request because they are importers of record that paid IEEPA tariffs to Customs on their entries of imported merchandise. A favorable decision ordering a refund of the IEEPA tariffs will redress Plaintiffs' economic injuries.

**TIMELINESS**

13. Actions brought in this Court under 28 U.S.C. § 1581(i) must be commenced "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i).

14. This action was timely commenced within two years of the executive orders implementing the IEEPA tariffs.

**BACKGROUND**

15. Beginning in February 2025, the President, relying on IEEPA, issued several executive orders imposing tariffs on imported merchandise.

16. The first series of executive orders (the "Trafficking Tariff Orders") imposed tariffs under IEEPA on imported merchandise of Canada, Mexico, and the People's Republic of China, or modified those tariffs. Executive Order 14193, *Imposing Duties to Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9,113 (Feb. 1, 2025); Executive Order 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9,117 (Feb. 1, 2025); Executive Order 14195, *Imposing Duties to Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,121 (Feb. 1, 2025); *see, e.g.*, Executive Order 14200, *Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,277 (Feb. 5, 2025); Executive Order 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11,463 (Mar. 3, 2025).

17. The second series of executive orders (the "Reciprocal Tariff Orders") imposed tariffs under IEEPA on most imported merchandise, or modified those tariffs, to address trade deficits with the United States' trading partners, among other issues. Executive Order 14257, *Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large*

*and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 2, 2025); *see, e.g.*, Executive Order 14259, *Amendment to Reciprocal Tariffs and Updated Duties As Applied to Low-Value Imports from the People's Republic of China*, 90 Fed. Reg. 15,509 (Apr. 8, 2025); Executive Order 14266, *Modifying Reciprocal Tariff Rates To Reflect Trading-Partner Retaliation and Alignment*, 90 Fed. Reg. 15,625 (Apr. 9, 2025).

18. The third series of executive orders (the "Country-Specific Tariff Orders") imposed tariffs under IEEPA on imported merchandise of Brazil and India, or modified those tariffs. *See, e.g.*, Executive Order 14323, *Addressing Threats to the United States by the Government of Brazil*, 90 Fed. Reg. 37,739 (July 30, 2025); Executive Order 14329, *Addressing Threats to the United States by the Government of the Russian Federation*, 90 Fed. Reg. 38,701 (Aug. 6, 2025); Executive Order 14361, *Modifying the Scope of Tariffs on the Government of Brazil*, 90 Fed, Reg. 54,467 (Nov. 20, 2025).

19. The executive orders also modified, or directed federal agencies to modify, the Harmonized Tariff Schedule of the United States ("HTSUS") to include the IEEPA tariffs in various chapter 99 headings.

20. Plaintiffs classified their imported merchandise under chapter 99 headings imposing IEEPA tariffs, as required under the HTSUS.

21. Importers of record, like Plaintiffs, must deposit estimated IEEPA tariffs, like all other duties, at the time of entry. 19 U.S.C. § 1505(a).

22. Plaintiffs have paid all estimated duties, taxes, and fees, including IEEPA tariffs, owed on their entries of imported merchandise.

## COUNT I
## Refund of IEEPA Tariffs Paid

23. Plaintiffs incorporate paragraphs 1 through 22 by reference.

24. This Court has "the explicit power to order reliquidation and refunds where the government has unlawfully exacted duties." *AGS Co. Automotive Sols. v. U.S. Customs & Border Prot.*, --- F. Supp. 3d ---, 2025 WL 3634261, at *3 (Ct. Int'l Trade Dec. 15, 2025) (quotation omitted).

25. Due process requires that the Defendant refund the IEEPA tariffs that Plaintiff has deposited and that Defendant has unlawfully collected. *See McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 36–39 (1990).

26. Defendant has already represented that it would "issue refunds" of the IEEPA tariffs in successfully moving for a stay of this Court's order invalidating those tariffs. *V.O.S. Selections, Inc. v. Trump*, No. 25-1812, ECF No. 6 at 25 (Fed. Cir. May 29, 2025); *see V.O.S. Selections, Inc. v. Trump*, 2025 WL 1649290, at *1 (Fed. Cir. June 10, 2025) (en banc) (per curiam) (granting a stay pending appeal).

27. Defendant has also represented that it "would not oppose the Court's authority to order reliquidation of entries of merchandise subject to the" IEEPA tariffs to avoid an injunction of liquidation. *Princess Awesome, LLC v. U.S. Customs & Border Prot.*, Court No. 25-00078, Joint Stipulation ¶ 2, ECF No. 17 (Ct. Int'l Trade May 28, 2025).

28. Defendant has also represented that it does "not oppose the reliquidation of any entries of goods subject to IEEPA duties paid by plaintiffs that are ultimately found to be unlawful after appeal," adding that plaintiffs were "guaranteed payment … should the Court's decision be upheld," in successfully moving for a stay of a district court's order invalidating the IEEPA tariffs.

5

*Learning Res., Inc. v. Trump*, No. 25-cv-01248-RC, ECF No. 41 at 13 (D.D.C. June 2, 2025); *see id.*, ECF No. 42 (June 3, 2025) (granting stay pending appeal).

29. Because of these representations in court filings made to obtain and avoid judicial intervention, Defendant is judicially estopped from contesting this Court's authority to order IEEPA-tariff refunds. *AGS Co. Automotive Sols.*, 2025 WL 3634261, at *2–3; *Sumecht NA, Inc. v. United States*, 923 F.3d 1340, 1348 (Fed. Cir. 2019).

30. Plaintiffs are entitled to a refund of the IEEPA tariffs that they paid to Customs.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

(a) Order Defendant to reliquidate any of Plaintiffs' entries of imported merchandise subject to IEEPA tariffs that has liquidated and refund to Plaintiffs all IEEPA tariffs that they paid, with all interest as provided by law;

(b) Order Defendant to refund to Plaintiffs all IEEPA tariffs that they paid on unliquidated entries of imported merchandise subject to IEEPA tariffs, with all interest as provided by law;

(c) Award Plaintiffs their costs and attorneys' fees; and

(d) Grant Plaintiffs such further relief as this Court deems appropriate.

Dated: February 24, 2026                    Respectfully submitted,

/s/ Jason M. Kenner
Jason M. Kenner
**SANDLER, TRAVIS & ROSENBERG, P.A.**
286 Madison Avenue, Suite 1200
New York, New York 10017
(212) 549-0137
jkenner@strtrade.com